<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAVID LOPEZ, | : | **Hon. Peter G. Sheridan** |
| Plaintiff, | : | Civil No. 12-3695 (PGS) |
| v. | : |  |
| CMS, et al., | : | <u>OPINION</u> |
| Defendants. | : |  |

**APPEARANCES**:

    DAVID LOPEZ, #507947, <u>Pro Se</u>
    Mercer County Correctional Center
    P.O. Box 8068
    Trenton, New Jersey  08656

<u>SHERIDAN</u>, <u>District Judge</u>:

    Plaintiff David Lopez, a county prisoner at Mercer County Correctional Center ("MCCC") in New Jersey, seeks to file a Complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  This Court will grant <u>in forma pauperis</u> status to Plaintiff.  Having screened Plaintiff's Complaint, as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the federal claims raised in the Complaint without prejudice and decline to exercise supplemental jurisdiction.

## I.  BACKGROUND

    Plaintiff asserts violation of his constitutional rights under 42 U.S.C. § 1983 by Correctional Medical Services ("CMS") and Joan Tobiaz, a physician at MCCC.  He asserts the following facts:

> I entered the Correction Center on May 24th, 201[ .] Medical staff s[aw] me the following day. I informed Ms. Tobiaz that I was presently taking a lifetime needed medication called Desmoppresin. They informed me that they would contact the pharmacy and verify the prescription. They mistakenly gave them the information for a different David Lopez who also had my name. This mix up caused the delay of about six months before my meds were given. I suffered accidental urination numerous times.

(Dkt. 1 at 5.)

Plaintiff further states he "informed the medical department that when they contacted the pharmacy they were using the wrong person to verify medicine needed." (Dkt. 1 at 4.) For relief, he "would like a financial settlement to compensate for my pain & suffering." (Id. at 6.)

## II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Officials may not be held liable under § 1983 for the unconstitutional misconduct of their subordinates. Id. at 677. Rather, the facts set forth in the complaint must

2

show that each defendant, through the person's own individual actions, has violated the plaintiff's constitutional rights. Id. This Court must disregard labels, conclusions, legal arguments, and naked assertions. Id. at 678-81. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed. Id. at 678 (citations and internal quotation marks omitted); see also Bistrian v. Levy, _ F.3d _, 2012 WL 4335958 *8 (3d Cir. Sept. 24, 2012) ("The touchstone of the pleading standard is plausibility"); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts") (emphasis supplied). The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any

3

> rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

The Eighth Amendment's prohibition against cruel and unusual punishment obligates prison authorities to provide medical care to inmates.[1] Estelle v. Gamble, 429 U.S. 97, 103 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state a cognizable medical claim, inmates must "demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." Rouse, 182 F.3d at 197. A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted).

"Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

---

[1] Although the form complaint asks Plaintiff's status, Plaintiff did not check the box next to "Pretrial detainee," but stated that he is a "Mercer County inmate." (Dkt. 1 at 2.) Accordingly, this Court will use the Eighth Amendment standard.

violated the Constitution." Iqbal, 556 U.S. at 676.[2] Deliberate indifference includes "indifference ... manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Erickson v. Pardus, 551 U.S. 89, 90 (2007) (quoting Estelle, 429 U.S. at 105) (footnotes and internal quotation marks omitted).  "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).  Deliberate indifference may be found where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) intentionally delays necessary medical treatment based on a non-medical reason; or (3) deliberately prevents a prisoner from receiving needed medical treatment.  See Rouse, 182 F.3d at 197.

In this Complaint, Plaintiff's allegations may satisfy the objective element.  Plaintiff complains that he was without his prescribed medication - Desmopresin - for six months and, as a result, he suffered accidental urination on several occasions.  As Plaintiff asserts that the medication was prescribed by a physician, it can be inferred that the underlying condition constituted a serious medical need.[3]   However, Plaintiff's allegations do not show deliberate

---

[2] Accord Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior").

[3] "Desmopressin is used for treating nighttime bedwetting. It is also used to manage temporarily increased thirst and urination caused by head injury or certain types of brain surgery, or to manage certain types of diabetes (cranial diabetes insipidus). It may also be used for other conditions as determined by your doctor.  Desmopressin is an antidiuretic hormone. It works by causing the kidneys to produce less urine."  See  http://www.drugs.com/cdi/desmopressin.html#

indifference as to either of the named defendants, i.e., Correctional Medical Services or Joan Tobiaz.  To sustain a § 1983 claim against Correctional Medical Services, a plaintiff must allege facts showing that "there was a relevant . . . policy or custom, and that the policy caused the constitutional violation . . . allege[d]"  Natale v. Camden County Correctional Facility, 318 F.3d 575, 584 (3d Cir. 2003).  Plaintiff's allegations do not state a § 1983 claim against Correctional Medical Services because he does not assert that the failure to obtain his prescribed medication was caused by a policy or custom of CMS.

Plaintiff also names Dr. Tobiaz, but his allegations do not show that Dr. Tobiaz was deliberately indifferent.  An individual defendant in a civil rights action must participate in the alleged wrongdoing, and Plaintiff does not assert facts showing the personal involvement of Dr. Tobiaz in failing to obtain his medication for six months.  See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs").  To establish deliberate indifference, a plaintiff must set forth facts "show[ing] that the official was subjectively aware" of the alleged unmet medical need.  See Farmer v. Brennan, 511 U.S. 825, 829 (1994).  But the only allegation in the Complaint concerning Tobiaz is that he informed Dr. Tobiaz the day after he was admitted to the facility that he "was presently taking a lifetime needed medication called Desmoppresin" and the doctor indicated she would obtain his prescription from the pharmacy.  (Dkt. 1 at 5.)  Plaintiff does not assert facts showing that Dr.

---

TIqsBtsxUCrMM07f.99 (accessed Oct. 18, 2012).

Tobiaz was aware that Plaintiff's prescription had not been filled for six months and she disregarded the problem. Without more, the Complaint does not show that Dr. Tobiaz was deliberately indifferent to his unmet need for this medication for six months. Because Plaintiff's allegations have not "nudged [his] claims" of deliberate indifference "across the line from conceivable to plausible," Iqbal, 556 U.S. at 680 (citation omitted), this Court will dismiss the § 1983 deliberate indifference claim for failure to state a claim upon which relief may be granted.[4] However, because Plaintiff may be able to show deliberate indifference, this Court will grant leave to file an amended complaint stating a deliberate indifference claim.[5] See DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

## IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

---

[4] This Court declines to exercise supplemental jurisdiction over claims arising under New Jersey law. See 28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).

[5] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]. 6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. If Plaintiff elects to file an amended complaint, to avoid confusion, it should be complete on its face.